**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JERRY GONZALES,**

    **Plaintiff,**

v.                                               Case No. 8:11-cv-1397-T-30TGW

**PASCO COUNTY BOARD OF COUNTY COMMISSIONERS,**

    **Defendant.**

_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Tax Costs (Dkt. 40) and Plaintiff's Response to Defendant's Motion to Tax Costs (Dkt. 48). Plaintiff asks the Court to consider his financial status as a proper factor in determining an award of costs to Defendant as the prevailing party.

A district court needs a "sound basis" to overcome the strong presumption that a prevailing party is entitled to costs. *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007). A district court may, but need not, consider a non-prevailing party's financial status as a factor in awarding costs pursuant to Rule 54(d). *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). However, the Eleventh Circuit has required that any reduction in costs based on financial indigency must be supported by "substantial documentation of a true inability to pay." *Id.; see McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (finding non-prevailing party offered no documentary support to warrant financial status reduction

in costs because only relied upon "unsupported, self-serving statements"). Moreover, "[e]ven in the rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Chapman*, 229 F.3d at 1039. As Plaintiff recognized in his response to the motion to tax, he bears the burden of showing that an award of costs should be reduced based on his financial status.

Plaintiff asserts, via his counsel's response to the motion to tax, that he has not worked for almost three years, no longer is eligible for unemployment benefits, and has no income. The Court cannot reduce costs based merely on these "unsupported, self-serving statements." If Plaintiff wishes the Court to consider his financial status, he must submit "substantial documentation of a true inability to pay."

If Plaintiff wishes to submit documentation of his financial status, he shall do so on or before April 18, 2013. The Court has granted Defendant's motion for leave to file a reply brief to Plaintiff's response to the motion to tax costs and the current deadline is April 15, 2013. In order for Defendant to address any new documentation submitted by Plaintiff, the new deadline for the reply brief is April 25, 2013.

It is therefore ORDERED AND ADJUDGED that:

1. If Plaintiff wishes to submit documentation of his financial status, he shall do so on or before April 18, 2013.

2. Defendant shall file its reply brief, limited to three pages, on or before April 25, 2013.

**DONE** and **ORDERED** in Tampa, Florida on April 10, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-1397.costsindigency.frm