UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JERRY GONZALES,**

    **Plaintiff,**

v.                                                     Case No. 8:11-cv-1397-T-30TGW

**PASCO COUNTY BOARD OF COUNTY COMMISSIONERS,**

    **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Tax Costs (Dkt. 40), Affidavit of Attorney's Costs (Dkt. 41), Defendant's Bill of Costs (Dkt. 42), Plaintiff's Response to Defendant's Motion to Tax Costs (Dkt. 48), Plaintiff's Notice of Filing Documents in Support of Plaintiff's Response to Defendant's Motion to Tax Costs (Dkt. 53), and Defendant's Reply to Plaintiff's Response To Defendant's Motion to Tax Costs (Dkt. 54). Upon consideration of Defendant's Bill of Costs, Memorandum, Affidavit, invoices, and response, the Court concludes the proposed costs should be granted in part and denied in part.

## STANDARD FOR AWARDING COSTS

Under Federal Rule of Civil Procedure 54(d)(1), costs "should be allowed to the prevailing party" unless "a federal statute, [the rules of Federal Civil Procedure], or a court order provides otherwise." Defendant Pasco County prevailed in this case and is entitled to

recover the costs enumerated under 28 U.S.C. § 1920. Under section 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of title 28; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28. *See generally, Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in § 1920. *See Crawford Fitting Co.*, 482 U.S. at 445.

A district court needs a "sound basis" to overcome the strong presumption that a prevailing party is entitled to costs. *Mathews v. Crosby*, 480 F.3d 1265, 1277 (11th Cir. 2007). As part of that "sound basis," a district court may, but need not, consider a non-prevailing party's financial status as a factor in awarding costs pursuant to Rule 54(d). *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). However, the Eleventh Circuit has required that any reduction in costs based on financial indigency must be supported by "substantial documentation of a true inability to pay." *Id.; see McGill v.*

*Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (finding non-prevailing party offered no documentary support to warrant financial status reduction in costs because only relied upon "unsupported, self-serving statements"). Moreover, "[e]ven in the rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Chapman*, 229 F.3d at 1039.

## DISCUSSION

Pasco County requests costs in the total amount of $4,557.99. Gonzales objects to most of the deposition costs, copy charges, and medical records requests and corresponding subpoena charges because Pasco County fails to explain why these charges were "necessarily obtained for use in the case." Although the Court agrees that Pasco County altogether failed to explain why *any* of the requested costs were necessary for use in the case, the necessity of the depositions is apparent based on the motion for summary judgment. As such, the Court finds the majority of Pasco County's costs are taxable under section 1920.

Pasco County seeks costs of $3,141.30 for the transcripts of Gonzales, Martin Paventi, Jane Calano, Rick Lyman, and Barbara DeSimone. Pasco County does not explain how any of these depositions were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). However, the Court finds that all the depositions are potentially recoverable costs because Pasco County relied upon them in its motion for summary judgment and they included testimony relevant to Gonzales' FMLA and racial discrimination claims. *See Watson v. Lake Cnty.*, 492 Fed. App'x 991, 996-97 (11th Cir. 2012) ("[E]ven where a deposition is not

ultimately used [at trial or in a summary judgment motion] as part of the prevailing party's case, we have held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken.").

Yet, Pasco County improperly groups costs for shipping and handling of deposition transcripts which are clearly not allowable under § 1920. *Id.* at 997 (finding district court abused its discretion by taxing costs for shipment and binding of depositions because "§ 1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor"). For all the depositions except Barbara DeSimone, the court reporter's invoice delineated the amount charged for shipping and handling, and the sum of all those charges is $92.75, which the Court will not tax as costs.

Pasco County provided no explanation of the deposition invoices attached to the bill of costs in either its motion to tax or affidavit. The burden lies with the prevailing party when costs are challenged if the matter is within the exclusive knowledge of the prevailing party. *See Competitor Liaison Bur., Inc. v. Cessna Aircraft Co.*, 2011 WL 5358548, at *3 (M.D. Fla. Oct. 17, 2011). Here, the division of charges on the invoice is exclusively within Pasco County's knowledge and it has failed to carry its burden regarding the delineation of permissible and impermissible costs. Because the Court cannot determine what part of the invoice for Barbara DeSimone's deposition transcript is attributable to shipping and handling, the Court will deduct $35 from the total invoice for DeSimone's deposition.

In sum, the Court will award costs for transcripts to Pasco County in the amount of $3,013.55.

Fees for making "copies of any materials where the copies are necessarily obtained for use in the case" are recoverable costs. 28 U.S.C. § 1920(4). Pasco County, as the prevailing party, "must present evidence showing the nature of the documents copied, including how they were used or intended to be used in the case . . . [and] may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." *Id.* (quoting *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992). Pasco County seeks copying costs for medical records ($313.39) and other copy charges ($243.30). Although the medical records were presumably related to the FMLA claims, Pasco County fails to explain how any of the copies were necessarily used in the case and an unsubstantiated claim for copying charges falls short of the specificity requirement of § 1920. *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. App'x 837, 846 (11th Cir. 2008) (affirming a district court's denial of costs when they were not stated with the requisite specificity of how "they were necessarily obtained for use in the case").

Pasco County also seeks $410.00 for service of subpoenas on medical providers of Gonzales in order to obtain copies of medical records. Generally, § 1920 permits costs spent in issuing subpoenas, limiting recoverable fees to those charged by the United States Marshals Service. Gonzales does not object to the amount charged, but rather to the necessity of the third party subpoenas. Specifically, Gonzales states: "Defendant had

Plaintiff's worker's compensation medical records in its custody and/or control through its worker's compensation carrier, and, therefore, could have relied upon those copies instead of issuing subpoenas and incurring additional, needless copying expense for medical records it already had in its possession and did not rely upon during this litigation." Dkt. 48.  In its motion to tax costs and its reply to Gonzales' response, Pasco County does not address the necessity of the subpoenas or additional medical record copies or explain why it could not rely upon the worker's compensation medical records in its possession.  Accordingly, the Court will not award costs for copies and subpoenas.

Lastly, Pasco County requests mediation costs in the amount of $450.  The law is clear that costs associated with mediation are not recoverable under § 1920.  *See, e.g., Hawkins v. Condo. Owners Ass'n of Sand Cay, Inc.*, 2012 WL 4761357, at *5 (M.D. Fla. Oct. 5, 2012).[1]  Because the Court is limited to costs allowable under § 1920, the Court will not award costs associated with mediation.

Gonzales submitted his individual tax return from 2012, his wife's W-2s for 2012, and a copy of his joint bank account statement from the last couple months in support of his argument that his financial status should reduce the amount of awarded costs.  The Eleventh Circuit is quite clear about the level of proof: "substantial documentation of a true inability to pay."  *Chapman*, 229 F.3d at 1039 ("Subject to that restriction and to the requirement that

---

[1] The Court's order referring the case to mediation states that "upon motion of the prevailing party, [the mediator's fee] may be taxed as costs in the instant action." *See* Dkt. 9.  The Court recognizes the confusion created by this language and will not include it in future orders referring cases to mediation.

there be clear proof of the non-prevailing party's dire financial circumstances before that factor can be considered, we leave it to the district court's discretion whether to do so in a particular case.").

Here, Gonzales does not explain the financial statements he submitted or inform the Court whether there is any additional income or marital property to which he has access. Additionally, Pasco County points out several deficiencies that show Gonzales has failed to carry his burden of "clear proof." The bank account statement does not state whose account it is, thereby the Court cannot rely upon it as a financial indicator nor can the Court confirm Gonzales has no other bank accounts or investments. Gonzales also does not include his wife's W-2 form for her company, "J & R Lawn Care," so the Court cannot determine the marital revenue generated from that business. *See id.* (citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 447 (4th Cir. 1999), for the proposition that costs were properly not reduced despite plaintiff showing "no independent income and owned no property in her own name" because she had "sufficient access to marital property" and a 401(k) plan). Accordingly, the Court cannot reduce the award of costs based on Gonzales' financial status because he has failed to produce substantial documentation of his financial indigency.

In sum, the Court awards Verizon costs in the total amount of $3,013.55.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Tax Costs (Dkt. 40) is granted in part and denied in part.

2. The Clerk is directed to enter a Bill of Costs against Plaintiff and in favor of Defendant in the amount of $3,013.55 for taxable costs.

3. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on April 29, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-1397.costs.frm